## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NEKITA LAGARDE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-313** |
| **CITY OF NEW ORLEANS, ET AL.** | **SECTION I** |

### ORDER AND REASONS

Before the Court is a motion[1] to dismiss filed by defendant, City of New Orleans, and a motion[2] to dismiss filed by defendant, the Louisiana Society for the Prevention of Cruelty to Animals. Plaintiffs, Nekita Lagarde, Munson Fletcher, and Sabrina Jennings, *pro se*, have filed an opposition.[3]  For the following reasons, the motions to dismiss are **GRANTED**.

### *BACKGROUND*

Plaintiffs allege that on January 30, 2011, New Orleans Police Department officer Abram Pedesclaux shot and killed their dog "Chucky" when he unlawfully entered their dwelling in response to reports that people and a dog were living in an abandoned house.[4]  According to the complaint, Lagarde was studying in the house when she heard a loud gunshot followed by a yelp.[5]  Lagarde "hurriedly responded by jumping up from her studies to find an officer standing inside her house with his weapon drawn and the fresh smell of gunpowder in the air."[6] When the

---

[1] R. Doc. No. 14.

[2] R. Doc. No. 27.

[3] R. Doc. No. 32.

[4] R. Doc. No. 4.

[5] *Id.* at p. 5.

[6] *Id.*

officer informed her that he had shot her dog, Lagarde "pushed the officer out of the door onto the steps, slammed the door shut and locked it; thereby barricading herself from what she assumed to be her same fate."[7]   Lagarde then "ran to attend to Chucky and held him as he breathed his final breath and expired in her arms."[8]

Plaintiffs filed this lawsuit on January 31, 2012, seeking nominal, compensatory, and punitive damages against the City of New Orleans ("the City"), the New Orleans Police Department ("the NOPD"), the Public Integrity Bureau ("the PIB"), the Louisiana Society for the Prevention of Cruelty to Animals ("the LSPCA"), Pedesclaux, Bangham, and Randall for deprivation and destruction of property, excessive use of force, and employee misconduct.[9]  All of the claims have been dismissed except for those against the LSPCA and the City.[10]

With respect to the LSPCA, plaintiffs assert on "reason and suspicion" that certain individuals had made "bogus and or substantiated phone calls regarding the care and or upkeep of their dog" to harass and embarrass them.[11]   They contend that they received "door cards" from the LSPCA concerning a pet living at their address that had been denied proper shelter, food, and water.[12]  Plaintiffs contend that the LSPCA threatened and harassed them about the dog despite their attempts to resolve the issue by, among other things, bringing the dog's rabies/registration tag, microchip records, veterinarian's card, and several photographs to the

---

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] On July 12, 2012, this Court held a hearing for plaintiffs to show cause why this case should not be dismissed for failure to prosecute the claims against the PIB, LSPCA, Pedesclaux, Bangham and Randall. R. Doc. Nos. 18, 28.[10] The claims against Pedesclaux, Bangham, and Randall were dismissed without prejudice. R. Doc. No. 28.  The claims against the NOPD and the PIB were dismissed with prejudice.  *Id.*

[11] R. Doc. No. 4, pp. 14-17, Count IV.

[12] *Id.*

LSPCA's facilities.[13]   Plaintiffs contend that after allowing an LSPCA agent to personally observe the dog, they were assessed a $10 city tax for keeping a male dog who had not been spayed or neutered and they assumed that the matter had been resolved.[14]   Plaintiffs seek damages against the LSPCA under state and federal law for harassment and employee misconduct based on these allegations as well as their allegation that the LSPCA failed to arrive until approximately two hours after the dog had been killed and left plaintiffs with the burden of removing the dog's body after the shooting.[15]

Finally, plaintiffs contend that the City, among other allegations, breached the "DOJ Investigative March 2011 Agreement" by "continuing to fail in taking all necessary actions to facilitate implementation of that agreement between citizens, by continuing the policies, practices and customs it has been previously reprimanded for by the Department of Justice."[16]

On May 25, 2012, the City filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), 12(b)(6), and Louisiana Civil Code article 3492.[17]   The City contends that the complaint should be dismissed because (1) plaintiffs' claims have prescribed; (2) plaintiffs failed to properly serve the named defendants; (3) the Court lacks subject matter jurisdiction; and (4) plaintiffs have failed to state a claim upon which relief can be granted.[18]

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.* at pp. 17-18, Count V.

[17] R. Doc. No. 14.

[18] *Id.*

On July 9, 2012, the LSPCA filed a motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, on the basis of prescription.[19]  The LSPCA contends that plaintiffs have sought recovery under federal and state statutes which allow no private right of action and/or for circumstances under which the LSPCA owed no duty.[20]  Alternatively, the LSPCA contends that plaintiffs' claims have prescribed and are time-barred.[21]

For the following reasons, the Court agrees with the City and the LSPCA that plaintiffs' claims against the remaining defendants have prescribed and must be dismissed.  Accordingly, the Court does not reach the alternative bases for dismissal raised by defendants.

### STANDARD OF LAW

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief.[22] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay:*

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a

---

[19] R. Doc. No. 27.

[20] *Id.*

[21] *Id.*

[22] "Although defenses are generally not the proper subject of Rule 12(b)(6) motions, certain affirmative defenses that clearly appear on the face of the plaintiff's complaint—most commonly that the statute of limitations has run—may properly be asserted in a Rule 12(b)(6) motion." *Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 77-76 (5th Cir. 1997) (citing *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994); 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357, at 352 (1990)).

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ---, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,* 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan,* 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986)). "Still, it is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010) (internal quotation marks and citation omitted).

## *DISCUSSION*

Defendants contend that plaintiffs' claims have prescribed and must be dismissed as time-barred. Because there is no federal statute of limitations for § 1983 and § 1985 claims, Louisiana's one-year prescriptive period for delictual actions applies to plaintiffs' federal civil rights claims as well as to their state law claims. *See Carner v. La. Health Serv. & Indem. Co.*,

442 Fed. App'x 957, 959 (5th Cir. 2011); La. Civ. Code art. 3492.  Plaintiffs' causes of action against the LSPCA and the City accrued on January 30, 2011, the date on which Pedesclaux allegedly shot and killed their dog.[23]  Because plaintiffs did not file this lawsuit until January 31, 2012, more than one year after the date their cause of action accrued, the claims have prescribed on the face of the complaint.

"When an action appears to have prescribed on the face of the complaint, the plaintiff bears the burden of establishing facts which would interrupt or suspend prescription."[24] *Ayo v. Johns–Manville Sales Corporation*, 771 F.2d 902, 908-09 (5th Cir. 1985); *see also Terrebonne Parish School Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002).  Plaintiffs recognize that "it might be fair to pin prescription upon this matter" with respect to the claims arising on or before January 30, 2011. They assert, however, three reasons why their claims should not be dismissed.

First, plaintiffs contend that Louisiana Civil Code article 3464 allows for interruption because they were not "acknowledged" by any agency until they met with Sgt. Smith of the PIB. There are three theories which may be asserted to establish that prescription has not run: suspension, interruption, and renunciation. *Demma v. Automobile Club Inter-Insurance Exchange*, 15 So. 3d 95, 98 (La. 2009).  Louisiana Civil Code article 3464 provides that

---

[23] While state law determines the applicable limitations period for actions pursuant to § 1983 and § 1985, federal law determines when an action pursuant to § 1983 and § 1985 accrues.  *See Moore v. McDonald*, 30 F.3d 616, 620-21 (5th Cir. 1994). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)). Under Louisiana law, "prescription commences to run from the day injury or damage is sustained." La. Civ. Code art. 3492. The federal and state law causes of action asserted against these defendants accrued on January 30, 2011, as plaintiffs admittedly had actual knowledge of any injuries resulting from the alleged shooting on that date.

[24] "Although federal courts look to federal law to determine when a civil rights action accrues, state law supplies the applicable limitations period and tolling provisions."  *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir.1993) ("In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions.").  The Court will, therefore, consider whether plaintiffs have established facts which would interrupt or suspend prescription under Louisiana law for both their federal and state law claims.

"[p]rescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." "If prescription is interrupted by acknowledgment, the time that has run is not counted, and prescription commences to run anew from the last day of interruption." *Demma*, 15 So. 3d at 98 (citing Louisiana Civil Code article 3466)). However, as the Louisiana Supreme Court has explained, an "acknowledgment" under article 3464 is defined, substantively, as "a simple admission of liability." *See Demma*, 15 So. 3d at 98. Plaintiffs have not shown that any defendants admitted (i.e., "acknowledged") liability in connection with this case. Accordingly, article 3464 does not provide a basis for interrupting prescription.

Second, plaintiffs contend that the applicable prescriptive period should be suspended based on the principle of *contra non valentem* because they were lulled into inaction by the PIB's assurances that they would include them in its investigation. Under Louisiana law, the principle of *contra non valentem* suspends the running of the prescriptive period when the circumstances of the case fall under one of four categories: "(1) when courts are legally closed; (2) when administrative or contractual restraints delay the plaintiff's action; (3) when the defendant prevents the plaintiff from bringing suit; and (4) when the plaintiff does not know nor reasonably should know of the cause of action." *Bergeron v. Pan American Assurance Co.,* 731 So.2d 1037, 1042 (La.Ct.App.1999); *Corsey v. State Dep't of Corrections,* 375 So.2d 1319, 1322 (La. 1979). "The doctrine of *contra non valentem* is a judicially-created exception to statutory prescription, and as such it applies only in exceptional circumstances." *Id.* (citing La. Civ. Code art. 3467 cmt. D; *Eastin v. Entergy Corp.*, 865 So. 2d 49, 55 (La. 2004)).

Plaintiffs have attempted to invoke the third category of *contra non valentem*. This category encompasses claims that "an innocent plaintiff has been lulled into a course of inaction in the enforcement of [her] right by reason of some concealment or fraudulent conduct on the

7

part of the defendant, or because of his failure to perform some legal duty whereby plaintiff has been kept in ignorance of [her] rights." *Carriere v. Jackson Hewitt Tax Serv. Inc.*, 750 F. Supp. 2d 694, 709 (E.D. La. 2010) (Vance, J.) (quoting *Carter v. Haygood*, 892 So. 2d 1261, 1269 (La. 2005)).  "In other words, this category applies 'when the defendant engages in conduct which prevents the plaintiff from availing herself of her judicial remedies.'" *Carriere*, 750 F. Supp. 2d at 710 (alterations omitted) (quoting *Carter*, 892 So. 2d at 1269).

Plaintiffs have not carried their burden of showing that defendants lulled them into a course of inaction whereby they were kept in ignorance of their rights against the City and the LSPCA.  Plaintiffs had sufficient information on January 30, 2011, the day of the shooting, to file the claims they have asserted in this lawsuit against the LSPCA and the City.   These claims arise from facts known to plaintiffs on the day Pedesclaux allegedly shot and killed their dog. The PIB's alleged failure to communicate with plaintiffs *after* the shooting did not prevent them from filing such claims within the statutory limitations period, and any additional claims against the PIB for conduct occurring in the months after the shooting have already been dismissed with prejudice.[25]

Finally, plaintiffs contend that the prescriptive period should be equitably tolled because despite reasonable care and diligent efforts, they did not discover their injury until after the limitations period had expired.  The fourth category of *contra non valentum*, also known as the "discovery rule," permits equitable tolling of prescription when the plaintiff "is ignorant of the facts upon which [her] cause of action is based, as long as such ignorance is not willful, negligent or unreasonable." *Carriere*, 750 F. Supp. 2d at 708 (citing *Wimberly v. Gatch*, 635 So. 2d 206, 211-12 (La. 1994)).   However, plaintiffs admittedly had actual knowledge of the events

---

[25] *See* R. Doc. No. 28.

leading up to the shooting as well as those involved in the shooting itself.  Accordingly, plaintiffs have not established that prescription should be equitably tolled on this ground.

In summary, the claims asserted against the LSPCA and the City have prescribed on the face of the complaint.  Plaintiffs have not carried their burden of establishing facts which would interrupt, suspend, or otherwise toll prescription.  Accordingly, the claims against the LSPCA and the City must be dismissed with prejudice.

*CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that the motions to dismiss are **GRANTED**.  The claims against the City and the LSPCA are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, September 28, 2012.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**